IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MIRANDA J. WILLIAMSON                                    PLAINTIFF

V.                                      NO. 12-2229

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Miranda J. Williamson, brings this action pursuant to 42 U.S.C. § 405(g),

seeking judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claim for supplemental security income (SSI) under the provisions

of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine

whether there is substantial evidence in the administrative record to support the Commissioner's

decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her application for SSI on September 13, 2010, alleging an

inability to work due to emphysema, chronic obstructive pulmonary disease (COPD), bilateral

pneumatoceles,[2] and Hepatitis C. (Tr. 126-129, 140,162).  An administrative hearing was held

on October 27, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 26-74).

By written decision dated April 27, 2012, the ALJ found that during the relevant time

---

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

[2]Pneumatocele - 1. An emphysematous or gaseous swelling. 2. SYN pneumonocele. 3. A thin-walled cavity within
the lung, one of the characteristic sequelae of staphylococcal pneumonia and *pneumocystis carinii*, pneumonial,.
Stedman's Medical Dictionary 1522 (28th ed. 2006).

period, Plaintiff had an impairment or combination of impairments that were severe - chronic obstructive pulmonary disease(COPD)/emphysema, hepatitis C, obesity, bilateral spondylolysis of L5, a history of open reduction and internal fixation of the right ankle, major depressive disorder, post traumatic stress disorder, anxiety disorder secondary to medical condition, borderline and antisocial personality traits and a history of polysubstance dependence reportedly in sustained remission. (Tr. 10). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 10). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 416.967(a) except the claimant cannot climb and can only occasionally balance, stoop, kneel, crouch and crawl. She must avoid concentrated exposure to temperature extremities, humidity, fumes, odors, dusts, gases and poor ventilation. She can perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables and use of little judgment, and the supervision required is simple, direct, and concrete.

(Tr. 12). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable to perform any past relevant work, but that there were other jobs Plaintiff could perform, such as document preparer, addresser, and assembler/production worker. (Tr. 19-20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on August 8, 2012. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are

-2-

presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.   Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for

-3-

at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC).  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

### III.   Discussion:

Plaintiff raises the following issues on appeal: 1) The ALJ failed to fully and fairly develop the record; 2)The ALJ failed to consider evidence which fairly detracted from his findings; 3) The ALJ erred in his credibility findings; 4) The ALJ failed to give proper weight to the treating physician's opinion; 5) The ALJ erred in his RFC determination; and 6) the ALJ failed in determining Plaintiff's severe impairments. (Doc. 10).

### 1. and 2.   Failure to Fully and Fairly Develop the Record and Failure to Consider Certain Evidence:

Plaintiff contends that the ALJ should have re-contacted Dr. Patricia Walz and Dr. Kelli Rippy to obtain further explanation of their findings. Plaintiff also argues that Plaintiff's complaints of fatigue and obesity were ignored by the ALJ.

-4-

The ALJ has a duty to fully and fairly develop the record.  See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995);  Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000).  This is particularly true when Plaintiff is not represented by counsel.  Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994).  This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary.  See 20 C.F.R. § 404.1512.  The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case.  Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010).  However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record.  See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial").  "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment.  They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination."  Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 1989).

In the present case, Dr. Patricia Walz conducted an examination of Plaintiff on January 5, 2012, and noted that Plaintiff was going to Counseling Associates in Clarksville every two weeks, had been going there for a couple of months, and thought it was helpful. (Tr. 456). Plaintiff's medication had been changed to Wellbutrin, which she said was helpful. (Tr. 456). At that time, it was reported that Plaintiff was starting to take care of her own finances, was attending Arkansas Valley Vocational Technical School, and was living with her young daughter. (Tr. 457). Dr. Walz reported that Plaintiff did not like to cook, did not clean all that much, and slept all the time. (Tr. 457). She was also reported as smoking about a half a pack of cigarettes

-5-

per day. (Tr. 458). Plaintiff's intellectual functioning was thought to be in the low average range. (Tr. 459). Dr. Walz diagnosed Plaintiff as follows:

|  |  |
|---|---|
| Axis I: | Anxiety disorder secondary to medical condition (emphysema) |
|  | History of polysubstance dependence reportedly in sustained remission with legal constraints |
| Axis II: | Borderline and antisocial personality traits |
| Axis V: | GAF 55-60 |

(Tr. 459). Dr. Walz found Plaintiff's social skills were adequate, her speech was clear and intelligible, her attention and concentration were fair, she persisted well, and her speed of information processing was average. (Tr. 460).

The ALJ considered the opinion of Dr. Walz and assigned it great weight. (Tr. 17). More specifically, the ALJ found her conclusions and observations were reflected in the assessment of Plaintiff conducted by the therapist at Counseling Associates, and incorporated her limitations into Plaintiff's RFC assessment. (Tr. 17).

With respect to the opinion given in a Pulmonary RFC Questionnaire on November 10, 2011, by Plaintiff's treating physician, Dr. Kelli Rippy, the ALJ granted it some weight, but found that her opinion was more limiting that the objective medical evidence of record would support. (Tr. 17). In the questionnaire, Dr. Rippy reported that she had been Plaintiff's primary care physician since December 30, 2010, and diagnosed Plaintiff with severe COPD. (Tr. 447). She based this diagnosis on an abnormal CT, chest x-ray, and pulmonary function testing. (Tr. 447). Dr. Rippy found that Plaintiff's symptoms were often severe enough to interfere with her attention and concentration, and that Plaintiff was capable of low stress jobs. (Tr. 448). Dr. Rippy also reported that Plaintiff could walk less than one city block without rest, could sit more

-6-

than two hours before needing to get up, could stand one hour before needing to sit, could stand/walk less than two hours and sit at least six hours in an eight-hour work day, would sometimes need to take unscheduled breaks in a day, could occasionally lift and carry up to ten pounds, rarely twenty pounds, and never fifty pounds. (Tr. 449-450). She further found that Plaintiff could occasionally twist, stoop (bend), crouch, climb ladders, and climb stairs, should avoid all exposure to extreme cold and heat, high humidity, fumes, odors, dusts, gases, perfumes, and cigarette smoke, soldering fluxes, solvents/cleaners, and chemicals, would have good days and bad days, and would likely miss about four days per month. (Tr. 450-451).

The ALJ noted that Dr. Rippy had seen Plaintiff only three times, and that her opinion regarding Plaintiff's need for unscheduled breaks and the number of days she would miss of work each month was purely speculative, "as there are no objective findings in Dr. Rippy's examination notes that support those conclusions." (Tr. 17). To the extent Dr. Rippy's opinion was consistent with the medical evidence of record and Plaintiff's testimony, the ALJ incorporated those limitations into Plaintiff's RFC assessment. (Tr. 17).

The Court cannot say that the existing medical sources did not contain sufficient evidence for the ALJ to make his determination, and therefore, he was not required to recontact Dr. Walz or Dr. Rippy.

With respect to Plaintiff's arguments relating to her complaints of fatigue and her obesity impairment, the Court believes Plaintiff failed to prove that she experienced additional limitations caused by these impairments. Although the ALJ noted that Plaintiff complained of feeling "tired and poorly," it is also noteworthy that the ALJ addressed the fact that Plaintiff's daily activities were inconsistent with her allegations of disability. In fact, at the hearing,

-7-

Plaintiff testified that when her daughter got home from school, she either sat outside and watched her ride her bicycle or would lie down and watch a movie and stated "I mean, I'm just really kind of lazy." (Tr. 58). Plaintiff was also able to attend school two days a week and go to church on Wednesday nights and Sundays.

Regarding Plaintiff's obesity, it is clear that the ALJ considered Plaintiff's obesity in making her determination. He found it to be a severe impairment, and reported that Plaintiff was five feet seven inches tall and weighed 250 pounds, with a B.M.I. of 39.15, which placed her in the obese category. (Tr. 10). He further stated:

> The undersigned finds that the impairment of obesity is severe within the meaning of the Social Security regulations because the impairment significantly limits the claimant's physical ability to do basic work activities, as supported by the medical evidence of record.

(Tr. 10). The Court believes that Plaintiff has not shown how her obesity limits her beyond the ALJ's RFC finding that she could perform sedentary work.

Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the fact that the ALJ fully and fairly developed the record and considered all of the evidence in the record.

**3.     Failure in Credibility findings:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not

AO72A
(Rev. 8/82)

discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In this case, the ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the RFC assessment. (Tr. 15).  The ALJ noted that Plaintiff failed to follow-up on recommendations made by the treating doctor,  which suggested that her symptoms may not have been as serious as had been alleged.  Specifically, Plaintiff was instructed to stop smoking on numerous occasions, and continued to smoke throughout the record, even as late as August 5, 2012, after the ALJ's unfavorable decision. (Tr. 481).  In fact, Plaintiff was found to be a good candidate for surgery to remove the air pockets in her lungs, but was told she had to have six months in a row of non-smoking. (Tr. 435).  The ALJ also noted that Plaintiff testified she had an appointment to see a specialist regarding her hepatitic C, but never followed through with the appointment. (Tr. 61).  Plaintiff's continued smoking, after being diagnosed with COPD and emphysema, amounts to a failure to follow a prescribed course of remedial treatment. See Mouser v. Astrue, 545 F.3d 634, 638 (8th Cir. 2008).

Based upon the foregoing, as well as the additional reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's credibility findings.

-9-

**4. and 5.     Failure to Give Proper Weight to Treating Physician's Opinions and RFC Determination:**

RFC is the most a person can do despite that person's limitations.   20 C.F.R. §404.1545(a)(1).  It is assessed using all relevant evidence in the record.  Id.  This includes medical records, observations of treating physicians and others, and the claimant's own description of his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

The Court discussed the opinions of Dr. Walz and Dr. Rippy earlier in this opinion, and believes the ALJ set forth sufficient reasons for the weight he gave their opinions.  In addition, in finding that Plaintiff had the RFC to perform sedentary work with certain limitations, the ALJ considered all of the medical records, the opinions of treating and non-treating physicians, and Plaintiff's description of her limitations. The ALJ gave great weight to the opinion of Dr. Stanley L. Reyenga, who performed a General Physical Examination of Plaintiff on November 18, 2010. (Tr. 311-315).  Dr. Reyenga noted that Plaintiff was a one-half a pack a day smoker, and found that Plaintiff's ranges of motion were normal, she had normal grip in both hands, and diagnosed

-10-

her with COPD, advanced emphysema by history, Hepatitis C, and nicotine addiction.  (Tr. 16,

313-315).  Dr. Reyenga did not note any limitations with respect to Plaintiff's abilities to do

basic work-like activities. (Tr. 315).

The ALJ gave some weight to the opinions of the non-examining state agency physicians,

but based upon additional evidence submitted at the hearing and the combination of Plaintiff's

impairments, found that Plaintiff's exertional level should be sedentary as opposed to light, as

found by the state consultants. (Tr. 18).

The Court finds that substantial evidence supports the ALJ's RFC determination and the

weight he gave the opinions of the physicians.

**6.      Failure in Determining Severe Impairments:**

An impairment is severe within the meaning of the regulations if it significantly limits

an individual's ability to perform basic work activities.    20 C.F.R. §§ 1520(a)(4)ii,

416.920(a)(4)(ii).  An impairment or combination of impairments is not severe when medical

and other evidence establish only a slight abnormality or a combination of slight abnormalities

that would have no more than a minimal effect on an individual's ability to work.  20 C.F.R. §

§ 404.1521, 416.921.  The Supreme Court has adopted a "de minimis standard" with regard to

the severity standard.  Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cir. 1989).

Plaintiff appears to argue that Plaintiff's fatigue and chronic fatigue syndrome were

severe impairments.   However, Plaintiff has failed to prove that she had any additional

limitations as a result of her fatigue.

Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief,

the Court finds there is substantial evidence to support the ALJ's determination of severe

-11-

impairments.

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 18th day of October, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)